**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

PROGRESSIVE NORTHWESTERN
INSURANCE COMPANY,

   *Plaintiff,*

vs.

              Case No. 25-cv-2355-EFM-JBW

TAYLAR DEERE-NOVOTNY, et al.,

   *Defendants.*

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Horizon Transport, Inc.'s ("Horizon's") Motion to Quash Service of Process and Set Aside Entry of Default (Doc. 19). Horizon argues that Plaintiff Progressive Northwestern Insurance Company ("Progressive") failed to effect service because the process server did not serve anyone associated with Horizon. It asks the Court to quash service and set aside the Clerk's Entry of Default entered against Horizon on December 1, 2025. For the reasons set forth below, the Court grants Horizon's Motion.

## I.   Factual Procedural Background

Progressive filed this lawsuit on July 2, 2025. This declaratory judgment action pertains to the existence of liability coverage arising from separate insurance policies issued by Progressive to Defendants Jonathan Ditmars and Mark Ditmars. Progressive seeks a declaratory judgment that it does not owe any liability coverage for claims arising out of an automobile accident between Defendants Mark Ditmars and Taylar Novotny in Nemaha County, Kansas, on November 30,

2024. Horizon's relationship to the parties is not clear from the Complaint. But Horizon asserts in its Motion that Defendant Mark Ditmars was an independent contractor for Horizon prior to the accident.

A process server claims he served Horizon on July 18, 2025, by delivering papers to "Gabriel, Gutierriz, Vice President Risk Management" at Horizon's Indiana office. The Proof of Service describes the person served as "a black-haired Hispanic male, 45-55 years of age, 6'0'-6'2" tall and weighing 180-200 lbs."

According to Horizon, the process server's description does not match anyone at its Indiana office. Gabriel Gutierrez, who is Horizon's Vice President of Risk Management, declares in his Affidavit that he was never served. According to Horizon, Gutierrez is 40 years old, 6'5" tall, and weighs 275 pounds.

On November 26, 2025, Progressive submitted a Request for Entry of Default to the Clerk of the Court. The Clerk's Entry of Default was entered on December 1, 2025. That same day, Gutierrez received a certified copy of Progressive's Request for Entry of Default. Within two days, Horizon retained counsel and filed this Motion asking the Court to quash service of process and set aside the Entry of Default.

## II.    Legal Standards

### A.    Motion to Quash Service of Process

Before a court can exercise personal jurisdiction over a defendant, the plaintiff must have served process compliant with Federal Rule of Civil Procedure 4. Under Rule 4, a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or

general agent, or any other agent authorized by appointment or by law to receive service of process."[1]

Service is insufficient where a party serves the wrong person or serves an individual not permitted to accept service.[2] The burden is on the plaintiff to make a prima facie showing that the service satisfied the statutory and due process demands for the court to exercise jurisdiction.[3] Where service is defective but curable, courts quash service and allow the plaintiff to reserve the defendant.[4]

**B.    Motion to Set Aside Clerk's Entry of Default**

Under Rule 55(c), the court may set aside an entry of default for good cause.[5] This is a lesser standard than the excusable neglect required to set aside a default judgment.[6] The court considers three factors when determining whether to set aside an entry of default: (1) whether default was willful; (2) whether the plaintiff would be prejudiced; and (3) whether the defendant has a meritorious defense.[7]

---

[1] Fed. R. Civ. P. 4(h)(1)(B).

[2] *Pope v. Boy Scouts of Am.*, 2006 WL 3199423, at *1 (D. Kan. 2006) (citing *2 James Wm. Moore, Moore's Federal Practice* ¶ 12.33 [4] at 12–54 (3d ed.1997)).

[3] *Wanjiku v. Johnson Cnty.*, 173 F. Supp. 3d 1217, 1223 (D. Kan. 2016) (citing *Oltremari by McDaniel v. Kan. Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1349 (D. Kan. 1994)).

[4] *Gregory v. U.S./U.S. Bankr. Ct. for Dist. of Colo.*, 942 F.2d 1498, 1500 (10th Cir. 1991) (citing *Pell v. Azar Nut Co.,* 711 F.2d 949, 950 n.2 (10th Cir.1983)).

[5] Fed. R. Civ. P. 55(c).

[6] *Martinez v. CitiMortgage, Inc.*, 347 F. Supp. 3d 677, 690 (D.N.M. 2018) (citing *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 750 (10th Cir. 2009)).

[7] *Id*. at 691 (citing *United States v. $285,350.00 in U.S. Currency*, 547 F. App'x 886, 887 (10th Cir. 2013)).

### III.     Analysis

**A.     Plaintiff's service on Horizon is not valid.**

Horizon argues that service is not effective because the process server did not actually serve Gabriel Gutierrez, Horizon's Vice President of Risk Management. The Proof of Service states that the process server served "Gabriel Gutierriz" and describes that person as 45 to 55 years old, 6'0' to 6'2" tall, and weighing 180 to 200 pounds. Horizon contends that its Vice President of Risk Management, who spells his name Gabriel G-U-T-I-E-R-R-E-Z, was never served on July 18, 2025, and that Gutierrez does not meet the physical description of the person described in the Proof of Service.

Progressive disputes that service was improper and faults Horizon for failing to offer any evidentiary support as to how Gutierrez's physical description differs from the individual described in the Proof of Service. According to Progressive, Gutierrez's proffered affidavit only states that he was not served. It does not state that he was taller and heavier than the person described in the Proof of Service.

"A signed return of service constitutes prima facie evidence of valid service 'which can be overcome only by strong and convincing evidence.'"[8] Courts have held that "[a] bare allegation by a defendant that he was improperly served cannot be allowed to bely [sic] the [return of service.]"[9] Here, the Court finds that Horizon submits more than a bare allegation that it was improperly served. Although Gutierrez's first affidavit does not set forth his physical description, he submits a supplemental affidavit that states he is 40 years old, 6'5" tall, and weighs 275 pounds.

---

[8] *Oltremari*, 871 F. Supp. at 1349 (quoting *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993)).

[9] *Id*. at 1350 (quoting *FROF, Inc. v. Harris*, 695 F. Supp. 827, 829 (E.D. Pa. 1988)).

The supplemental affidavit also reiterates that Gutierrez was not served on July 18, 2025. The Court finds that the physical differences, especially the 75-pound weight difference, between Gutierrez and the person described in the Proof of Service to be substantial. Thus, Horizon offers strong and convincing evidence that service was defective. Because service is defective but curable, the Court quashes service and orders Progressive to serve Horizon within 30 days of the date of this Order.

**B.      The Entry of Default is Set Aside.**

The Court considers the following three factors when determining whether to set aside an entry of default: (1) whether the default was the result of the defendant's culpable conduct, (2) whether the plaintiff would be prejudiced by setting aside the entry of default, and (3) whether the defendant presents a meritorious defense to the plaintiff's claim.[10] These three factors all favor Horizon.

First, the Clerk's Entry of Default was not the result of Horizon's culpable conduct, as Horizon was not effectively served. Second, Progressive will not be prejudiced by setting aside the entry of default. Horizon filed its Motion within two days of the Entry of Default. Furthermore, this case is still in the early stages of discovery. Progressive can properly serve Horizon, and the case will proceed normally. And third, Horizon presents defenses that are worthy of consideration on the merits. Thus, the Court concludes that Horizon has established good cause for setting aside the Clerk's Entry of Default in this case.

---

[10] *Freeze Dry Products, Inc. v. Metro Park Warehouse, Inc.*, 160 F.R.D. 156, 158 (D. Kan. 1995) (citing *Hunt v. Kling Motor Co.,* 841 F. Supp. 1098, 1105-07 (D.Kan.1993)).

-6-

**IT IS THEREFORE ORDERED** that Defendant Horizon Transport Inc.'s Motion to Quash Service of Process and Set Aside Entry of Default (Doc. 19) is **GRANTED**. Progressive must properly serve Horizon within 30 days of the date of this Order.

**IT IS SO ORDERED**.

Dated this 26th day of May, 2026.


ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE